UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TROMPE SON STRIKER,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY ICE DETENTION FACILITY, *et al.*

Respondents.

Case No. 1:26-cv-06455 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 18

Petitioner Trompe Son Striker is an immigration detainee proceeding with his second petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he argues that his detention violates his due process rights under the Fifth Amendment. Dkt. No. 1 at 29–30. For the reasons that follow the petition is granted in part, and Respondents are ORDERED to provide Petitioner with a renewed bond hearing.

## I. BACKGROUND

Many of the facts relevant to the petition are detailed in the court's prior habeas order. In sum, Petitioner entered the United States in 2018 as a lawful permanent resident. *Son Striker T. v. US Att'y Gen.*, No. 1:26-CV-05161-RLP, 2026 WL 2018623, at *1 (E.D. Cal. July 13, 2026) (*Trompe I*). In February 2023, Petitioner was convicted for battery after being arrested on charges of sexually assaulting a minor. *Id.* He was sentenced to 364 days in jail and five years of probation. *Id.* Following his release from state custody, Petitioner admitted to tampering with a urine sample and was sentenced to eighty-six days in jail for a probation violation. *Id.* He was transferred to ICE custody in February 2026 following his release from prison. *Id.*

In July 2026, a court in this district found that Petitioner was detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing under that statute. *See Son Striker T.*, 2026 WL 2018623, at *4. He received that hearing on July 21, 2026 at which the immigration judge denied release finding that "DHS proved by clear and convincing evidence that [Petitioner] would be a danger to the community if released." Dkt. No. 13-5 at 1. Though Petitioner did not address this bond hearing in his second habeas petition, he filed a Motion to Enforce judgment in lieu of a reply in which he argues that the bond hearing he received violated his due process rights because he was not notified of the hearing with sufficient time to prepare, and the immigration judge's dangerousness finding was unsupported by the available evidence. Dkt. No. 18 at 6–7.

## II. DISCUSSION

Respondents oppose relief, arguing that any claims regarding Petitioner's initial arrest and detention must be dismissed under the abuse of the writ doctrine because these claims were or could have been raised in his prior petition. Dkt. No. 13 at 3. They further argue that Petitioner must exhaust his administrative remedies before challenging the immigration judge's dangerousness finding. *Id.* at 4.

"Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States District Court*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). To the extent Petitioner brings a due process challenge with respect to his initial arrest and detention, that claim could have been raised in (*Trompe I*), and shall not be reconsidered here. However, Petitioner may raise a constitutional challenge based on his subsequent bond hearing as the first petition could not have raised such a claim.

As to Respondents' exhaustion argument, where an immigration detainee has failed to exhaust his administrative remedies before seeking habeas relief, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). In determining whether exhaustion was

required, courts consider (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988. However, even where these factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Assuming that the *Puga* factors favor exhaustion, waiver is appropriate. "Petitioner is challenging the constitutional adequacy of the bond hearing and the bond redetermination hearing." *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr.*, No. 5:26-CV-04093-DTB, 2026 WL 2876062, at *7 (C.D. Cal. Sept. 24, 2026) (waiving exhaustion requirement where IJ failed to correctly apply the relevant legal standard to the facts in denying bond); *see also Vasquez v. Warden, California City Immigration Processing Ctr.*, No. 1:26-CV-04482-DJC-SCR, 2026 WL 2676859, at *3 (E.D. Cal. Sept. 11, 2026), *report and recommendation adopted sub nom. Santibanez Vasquez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04482 DJC SCR, 2026 WL 2793606 (E.D. Cal. Sept. 17, 2026) (waiving exhaustion requirement where petition presented constitutional challenge to IJ's bond determination). This type of claim cannot be reviewed by the BIA because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws").

Petitioner argues in his motion to enforce judgment that the bond hearing he received violated his due process rights because he did not receive notice of the hearing. Dkt. No. 18 at 6. Because of this, he alleges, he was unable to gather evidence in support of release on bond and

hire an attorney. *Id*. Respondents did not respond to the allegation that Petitioner received no notice of his hearing, so the Court assumes this is true. The recording of the bond hearing also suggests that Petitioner was not provided with the Government's evidence before the hearing. *See* Dkt. No. 17 at 4:35–7:55.

Lack of notice of an immigration hearing violates due process because without notice a petitioner cannot secure counsel and submit evidence in support of his release. *See Muzahir v. Chestnut*, No. 1:26-CV-02246-DJC-CSK, 2026 WL 1283414, at *1 (E.D. Cal. May 11, 2026) ("By failing to provide adequate notice, Respondents did not give Petitioner any opportunity to identify and contact counsel to represent him at the bond hearing); *Romualdo P.M. v. U.S. Att'y. Gen.*, No. 1:26-CV-02882-RLP, 2026 WL 2906860, at *1–2 (E.D. Cal. Sep. 28, 2026) (granting motion to enforce and ordering a second bond hearing where petitioner did not receive advance notice of first bond hearing); *contrast Chauhan v. Warden*, No. 1:26-CV-03794-VC, 2026 WL 2949206, at *3 (E.D. Cal. Oct. 10, 2026) (rejecting inadequate notice argument where the immigration judge provided petitioner multiple opportunities to reschedule bond hearing and ensured that petitioner wanted to proceed). As it is undisputed that Petitioner was not notified of his hearing prior to it being held, his due process rights were violated.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED in part. Respondents are ORDERED to provide Petitioner with a constitutionally adequate bond hearing before an immigration judge within fourteen (14) days of this Order, or a later date upon Petitioner's request. At the hearing, Respondents bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondent must provide notice to Petitioner and if Petitioner has counsel, also to Petitioner's counsel, within seven days of the hearing date. Petitioner shall be allowed to have counsel present.

//

//

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 25, 2026

VINCE CHHABRIA
United States District Judge